JOHNSON & WEAVER, LLP
Frank J. Johnson, Esq. (SBN 174882)
FrankJ@johnsonandweaver.com
Kristen O'Connor, Esq. (SBN 305113)
KristenO@johnsonandweaver.com
600 West Broadway, Suite 1540
San Diego, CA 92101
Telephone: (619) 230-0063
Facsimile: (619) 255-1856

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIANA ALCANTAR, an individual; MARIA ALMANZA, an individual, ANA CARDENAS, an individual, AURORA SANTIAGO, an individual; IVONNE RODRIGUEZ, an individual; and CHRISTIAN VALDIVIA, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> CARDENAS MARKETS LLC, a Delaware limited liability company; CARDENAS MARKETS, INC., a California corporation; BERNICE RODRIGUEZ, an individual; JAIME SANCHEZ, an individual; and DOES 1 through 10. <br><br> Defendants. | Case No.: 5:17-cv-1162 <br><br> **COMPLAINT FOR:** <br><br> 1. **HOSTILE WORK ENVIRONMENT/SEXUAL HARASSMENT IN VIOLATION OF TITLE VII [42 U.S.C. § 2000(e), *et seq.*]** <br> 2. **RETALIATION IN VIOLATION OF TITLE VII [42 U.S.C. § 2000(e), *et seq.*]** <br> 3. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY** <br> 4. **BATTERY** <br> 5. **ASSAULT** <br> 6. **SEXUAL BATTERY [CIVIL CODE §1708.5]** <br> 7. **VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200, *et seq*.** <br> 8. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** <br> 9. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS** <br><br> **JURY TRIAL DEMANDED** |

## INTRODUCTION

1.     Plaintiffs Adriana Alcantar, Maria Almanza, Ana Cardenas, Aurora Santiago, Ivonne Rodriguez, and Christian Valdivia (collectively, "Plaintiffs") bring this action against their former employer, Defendants Cardenas Markets LLC, a Delaware limited liability company, Cardenas Markets, Inc., a California corporation, (collectively, "Cardenas"), Bernice Rodriguez, an individual, Jaime Sanchez, an individual, and Doe Defendants 1-10 (collectively and with Cardenas, "Defendants"), seeking damages and other relief as the Court deems just and proper.

2.     Plaintiffs are former employees of Cardenas.  Cardenas is a grocery chain specializing in Latin American foods with stores in California and Nevada.

3.     As detailed further below, from October 2014 to, and including, February 14, 2016, Defendants subjected Plaintiffs to systemic employment discrimination based on their gender, which included but is not limited to: being forced to work in a hostile work environment resulting from severe and pervasive sexual harassment in the workplace; discriminatory policies, practices, and/or procedures in pay; verbal abuse; sexual battery; physical battery and assault; retaliation; wrongful termination; and other manifestations of sex discrimination.

4.     Defendants permitted and engendered a norm of sexual interaction between supervisors and their employees.  Cardenas managers frequently ogled at and touched employees' buttocks, breasts, legs, and genitals.  These assaults and batteries were neither discrete nor happenstance, but occurred with such regularity that they became routine.

5.     Moreover, Cardenas managers regularly demanded sexual favors from employees, including Plaintiffs, and were given unfettered authority and opportunity to subject employees to severe and pervasive forms of sexual harassment.

COMPLAINT                                          Case No. 5:17-cv-1162

6.     Cardenas also failed to properly educate their managers and agents, and/or to implement or enforce policies and procedures that would prevent or assuage instances of harassment, retaliation, and/or discrimination.

7.     When Plaintiffs complained to Cardenas about the sexual harassment and sex discrimination they had endured, Cardenas failed to take appropriate steps to correct the discrimination and/or harassment, and further retaliated against Plaintiffs by terminating or constructively terminating their employment.

8.     Plaintiffs are requesting damages under a variety of state and federal laws prohibiting discrimination in order to redress the deprivation of their rights.

## **PARTIES**

9.     Plaintiff Adriana Alcantar ("Alcantar") is, and at all times mentioned herein was, an individual residing in the County of Riverside, in the State of California.

10.     Plaintiff Maria Almanza ("Almanza") is, and at all times mentioned herein was, an individual residing in the County of Riverside, in the State of California.

11.     Plaintiff Ana Cardenas ("Ana Cardenas") is, and at all times mentioned herein was, an individual residing in the County of Riverside, in the State of California.

12.     Plaintiff Aurora Santiago ("Santiago") is, and at all times mentioned herein was, an individual residing in the County of Riverside, in the State of California.

13.     Plaintiff Ivonne Rodriguez ("I. Rodriguez") is, and at all times mentioned herein was, an individual residing in the County of Riverside, in the State of California.

14.     Plaintiff Christian Valdivia ("Valdivia") is, and at all times mentioned herein was, an individual residing in the County of Riverside, in the State of California.

3

15.     Defendant Bernice Rodriguez ("B. Rodriguez") is, and at all times mentioned herein was, an individual residing in the State of California.

16.     Defendant Jaime Sanchez ("Sanchez") is, and at all times mentioned herein was, an individual residing in the State of California.

17.     Cardenas Markets, Inc. is a California corporation with its principal place of business at 12223 Highland Ave., Suite 106-553, Rancho Cucamonga, California 91739.  Upon information and belief, in 2016, investment firms KKR and Victory Park Capital acquired the grocery chain previously owned and operated by Cardenas Markets, Inc. and reassigned ownership and operation of the grocery chain to Cardenas Markets LLC.

18.     Cardenas Markets LLC is a Delaware limited liability company with its principal place of business at 2501 East Guasti Road, Ontario, California 91761. Cardenas Markets LLC is a grocery chain specializing in Latin American foods with thirty-two stores in California and Nevada.

19.     Doe Defendants 1-10 are persons, entities, or organizations who engaged in, oversaw, directed, ratified, and/or assisted in the wrongful actions against Plaintiffs, together with the named Defendants, or who may be individual owners, officers, agents, managers, or employees of any of the named Defendants. The real names of Doe Defendants are unknown to Plaintiffs at this time because, *inter alia*, Plaintiffs are not fully privy to the interrelationship, ownership status, and hierarchy between and among Cardenas Markets, Inc. and Cardenas Markets LLC.  Plaintiffs will seek leave to amend this complaint and substitute the true names of the Doe Defendants as soon as their identities are revealed.

## JURISDICTION AND VENUE

20.     This Court has jurisdiction over the parties to and the subject matter of this action pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1331.

21.     This Court has supplemental jurisdiction over the remaining common law and state claims pursuant to 28 U.S.C. § 1367.

4

22.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391 because the injuries sustained by Plaintiffs, as well as the acts and omissions of Defendants, occurred in the Central District of California, and Cardenas has its principal business operations within the Central District of California.

**CONDITIONS PRECEDENT TO SUIT UNDER TITLE VII**

23.     Plaintiff Christian Valdivia filed appropriate charges of sexual harassment (the "Valdivia Charge") with the Equal Employment Opportunity Commission ("EEOC") on December 9, 2016, along with a Request for Notice of Right to Sue and Letter of Representation.  True and correct copies of the Valdivia Charge, and the December 9, 2016 Request for Notice of Right to Sue and Letter of Representation, are attached hereto respectively as **Exhibits A and B**.

24.     Under the single filing exception to the EEOC individual filing requirement, where one plaintiff has filed a timely EEOC complaint, other non-filing plaintiffs may join in the action if their individual claims arise out of similar discriminatory treatment in the same time frame.  Plaintiffs herein allege similar discriminatory treatment in the same time frame, and the Valdivia Charge named all Plaintiffs and included a summary of their respective discriminatory treatment.

25.     June 12, 2017 is 180 days after the filing of the Valdivia Charge.  Once 180 days have passed from the day a person files a charge, the EEOC is required by law to issue a Notice of Right to Sue.  Plaintiff Christian Valdivia requested a Notice of Right to Sue concurrently with the filing of the Valdivia Charge, and counsel for Plaintiffs reiterated that request via a fax to the EEOC on June 13, 2017.  A true and correct copy of the June 13, 2017 Request for Notice of Right to Sue is attached hereto as **Exhibit C**.  Plaintiffs' counsel attempted to confirm their request via telephone call to the EEOC on June 12, 2017.  Plaintiff Valdivia is thus entitled to receive Notice of Right to Sue.  Entitlement to the Notice of Right to Sue, without actual receipt of it, is sufficient to support federal jurisdiction.

COMPLAINT                                                    Case No. 5:17-cv-1162

26.     Plaintiffs have thus fulfilled all conditions precedent to the institution of this action under federal law.

## FACTUAL ALLEGATIONS

27.     Plaintiff Christian Valdivia was employed as a meat clerk at Cardenas' Murrieta, California location.  From August 2015 to, and including, February 14, 2016, Valdivia was sexually harassed on a routine basis and subjected to a hostile work environment.  His supervisor, Defendant Bernice Rodriguez, repeatedly and continuously touched, rubbed and slapped Valdivia's genital area, groin, thighs, chest, buttocks, and legs nearly every day for the duration of his employment.  B. Rodriguez repeatedly asked Valdivia if he had a girlfriend and once told Valdivia that if he dated a woman other than herself, he "wasn't gonna get some" from B. Rodriguez.  Although Valdivia objected and asked B. Rodriguez to stop, and stated "you're gross" in response to her sexual advances, B. Rodriguez continued the behavior.  Christian did not consent to being touched by Bernice and, in fact, openly found this conduct offensive and humiliating.  Valdivia's mother, Plaintiff Adriana Alcantar, reported B. Rodriguez' behavior to Cardenas' Assistant Manager, Jose, on Valdivia's behalf.  Although Jose indicated he would check surveillance cameras to confirm the behavior, Defendants failed to take any remedial action whatsoever.  After a period of intolerable touching, rubbing, and verbal harassment by Bernice, Christian was constructively discharged by Defendants on February 14, 2016.  On December 9, 2016, Christian filed the Valdivia Charge with the EEOC.

28.     Plaintiff Alcantar was employed as an assistant manager at Cardenas' Murrieta, California location.    From January 2015 to, and including, February 7, 2016, Adriana was sexually harassed on a routine basis and subjected to a hostile work environment.   Her supervisor, Defendant Jaime Sanchez, continuously made sexually-charged comments about her body and inquired about Alcantar's sex life with her husband.   Sanchez also regularly rubbed his body

6

against Alcantar's.  Alcantar did not consent to being touched by Sanchez and, in fact, openly found this conduct offensive and humiliating, and objected to the same.  In late 2015, Alcantar asked Sanchez why another employee was fired and he replied: "If you want him to return, you know what you have to do."  Alcantar understood the statement was an invitation for a sexual act.  Sanchez also frequently asked Alcantar if her breasts hurt and whether he could rub them for her.  On one occasion, Sanchez went so far as to physically grabbed Alcantar's breasts.  In an attempt to put an end to the harassment, Alcantar reported Sanchez' behavior to Cardenas management, and asked to be transferred to a different Cardenas location so that she would no longer have to work with Sanchez. Alcantar was thereafter transferred to Cardenas' Perris, California store.  However, shortly thereafter in February 2016, Alcantar was terminated by Cardenas in retaliation for complaining about Sanchez' discriminatory and harassing actions. As pretext for its discriminatory and retaliatory motives, Cardenas claimed Alcantar was terminated for allegedly harassing a coworker—a blatantly false and concocted assertion.

29.    Plaintiff Maria Almanza was employed as a salsa chef at Cardenas' Murrieta, California location.    From December 2014 to, and including, July 7, 2015, Almanza was sexually harassed on a routine basis and subjected to a hostile work environment.  Her supervisor, Defendant Sanchez, continuously made sexually-charged comments about her body, made unwanted sexual advances, and stated incessantly that "he wanted to be with" Almanza.    In response, Almanza told Sanchez that she was married, and asked him to stop harassing her.  On at least two occasions, Sanchez followed Almanza into the store's freezers, grabbed her from behind, and rubbed his penis against her buttocks while she was bending over to pick up merchandise.  Almanza did not consent to being touched by Sanchez and, in fact, openly found this conduct offensive and humiliating, and objected to the same.  On another occasion,

7

Sanchez threatened to withhold a pay raise from Almanza if she didn't have sex with him.   Almanza could not report Sanchez's behavior to a higher-level supervisor (i.e., the store manager) because the store manager and Sanchez were close friends and were known to cover for each other.   In July 2015, after a period of intolerable touching, rubbing, and verbal harassment by Sanchez, Almanza was left with no choice but to resign, and thus was constructively discharged.

30.     Plaintiff Ana Cardenas was employed as a cashier at Cardenas' Murrieta, California location.     From October 2014 to, and including, November 2015, Ana Cardenas was sexually harassed on a routine basis and subjected to a hostile work environment.   When Ana Cardenas complained to her supervisor, Defendant Sanchez, about not being granted requested time off for school, he invited Ana Cardenas to perform sexual acts on him in return for granting her time-off requests.   Thereafter, and on a routine basis, Sanchez made offensive and unwelcome advances toward Ana Cardenas, including repeatedly asking her when she would go out with him and asking her questions about the size of her buttocks.   On multiple occasions, Sanchez purposefully rubbed his penis against Ana Cardenas when passing her from behind.   Ana Cardenas did not consent to being touched by Sanchez and, in fact, openly found this conduct offensive and humiliating, and objected to the same.   During an employee evaluation with Sanchez, when Ana Cardenas inquired about her undeservedly and baselessly low performance score, Sanchez responded: "You know what you have to do."   Ana Cardenas complained to the store manager, Juan Mendoza, about Sanchez' behavior.   Instead of taking any remedial action, Mendoza characterized Sanchez' behavior as "playful" and stated "that [Sanchez] wasn't doing anything wrong."   In November 2015, after a period of intolerable touching, rubbing and verbal harassment by Sanchez, Ana Cardenas was left with no choice but to resign, and thus was constructively discharged.

8

31.     Plaintiff Aurora Santiago was employed as a cashier at Cardenas' Murrieta, California location.     From October 2014 to, and including, September 2015, Santiago was sexually harassed on a routine basis and subjected to a hostile work environment.  Her supervisor, Defendant Sanchez, continuously made sexually-charged comments about her body and inappropriately referred to her as "sweetie" and "baby."  Sanchez also routinely commented on Santiago's body parts, saying such things as: "I love your soft hands and tiny lips"; "Does your butt hurt?  It's growing"; "You'd look good if you get breast implants"; and "It's your fault I make those comments."  Santiago did not consent to being touched by Sanchez and, in fact, openly found this conduct offensive and humiliating, and objected to the same.  Sanchez also invited Santiago to perform sexual acts in return for work favors, such as time-off requests.  In addition, Sanchez asked Santiago about her sex life, saying such things as: "How was your night? You don't look satisfied."  Santiago complained about Sanchez' behavior to the store manager, Juan Mendoza.  Instead of taking any remedial action, Mendoza characterized Sanchez' behavior as "just joking around."  In September 2015, Santiago was terminated by Cardenas in retaliation for complaining about Sanchez's discriminatory and harassing actions.  As pretext for its discriminatory and retaliatory motives, Cardenas claimed Santiago's termination was purportedly the result of a low performance score and aggressive attitude—a blatantly false and concocted assertion.

32.     Plaintiff Ivonne Rodriguez was employed as a cashier at Cardenas' Murrieta, California location.     From October 2014 to, and including, September 2015, I. Rodriguez was sexually harassed on a routine basis and subjected to a hostile work environment.  Her supervisor, Defendant Sanchez, continuously made sexually-charged comments about her body and repeatedly attempted to press his body against hers.  Sanchez also insinuated that I. Rodriguez could perform sexual acts in return for work favors, such as changing

9

I. Rodriguez's work schedule.   Despite complaining about and objecting to Sanchez's behavior to Cardenas management, Cardenas failed to take any remedial action whatsoever.  In September 2015, I. Rodriguez was terminated by Cardenas in retaliation for complaining about Sanchez's discriminatory and harassing actions.   As pretext for its discriminatory and retaliatory motives, Cardenas claimed that I. Rodriguez was terminated for a purportedly conflicting work schedule with her second job—a blatantly false and concocted assertion.

## COUNT I

**HOSTILE WORK ENVIRONMENT/SEXUAL HARASSMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000(e), *et seq*. (AGAINST CARDENAS)**

33.    Plaintiffs re-allege and incorporate by reference each and every allegation contained in the paragraphs above.

34.    Plaintiffs are protected by Title VII of the Civil Rights Act of 1964 ("Title VII") from being subjected to sexual harassment in the workplace on the basis of sex, including hostile work environment.

35.    Throughout Plaintiffs' employment, Cardenas subjected Plaintiffs to an unwelcome, severe, and pervasive sexually hostile work environment through the sexually-charged actions alleged herein in violation of Title VII.  Plaintiffs openly regarded the working environment to be abusive and hostile.

36.    The hostile work environment at Cardenas altered the terms and conditions of Plaintiffs' employment and had the purpose or effect of unreasonably interfering with Plaintiffs' ability to perform their employment duties.

37.    Cardenas' discriminatory behavior was continuous throughout Plaintiffs' employment.  Consequently, Plaintiffs are entitled to application of the continuing violation or hostile work environment doctrine with respect to the allegations raised herein.

10

38.     Because the sexually-charged conduct occurred with such regularity that it became routine, a reasonable person in Plaintiffs' circumstances would consider the working environment to be abusive or hostile.

39.     As a direct and proximate result of Cardenas' aforementioned discriminatory and harassing conduct, Plaintiffs have suffered damages including, without limitation, lost income and benefits, mental and emotional distress, humiliation, and pain and suffering, and have incurred costs and attorneys' fees, for which Plaintiffs are entitled to recover in an amount to be proven at trial.

40.     Due to the repetitive nature and obviousness of the course of misconduct of its employees, Cardenas: (a) had advance knowledge that several of its managerial-level employees were engaging in unlawful behavior against Plaintiffs and continued to employ the managerial-level employees with conscious disregard of the rights or safety of employees, particularly those known to be affected (i.e., Plaintiffs); (b) expressly authorized or ratified its managerial-level employees' wrongful acts; and (c) in permitting these managerial-level employees to commit tortious actions against Plaintiffs, Cardenas acted wrongfully, willfully, oppressively, maliciously, and/or with the intent to harm Plaintiffs or with conscious disregard to their rights and/or safety.  Alternatively, Cardenas' actions constituted or contributed to the intentional discrimination of Plaintiffs in the face of a perceived risk that those actions or omissions would violate federal law. Therefore, Plaintiffs are entitled to an award of punitive damages in an amount sufficient to punish and deter Cardenas and all others from harming employees on the basis of sex.

## <u>COUNT II</u>

**RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000(e),** *et seq.*
**(AGAINST CARDENAS)**

41.     Plaintiffs re-allege and incorporate by reference each and every allegation contained in the paragraphs above.

11

42.     Plaintiffs are protected by Title VII from being subjected to sexual harassment in the workplace on the basis of sex, including hostile work environment.

43.     Title VII forbids terminating or otherwise taking adverse action against an employee based on the employee's race, or based on an employee's opposition to what they reasonably believe to be their employer's racially discriminatory practices.

44.     Plaintiffs opposed unlawful employment discrimination when they each complained of Sanchez's repeated discriminatory and harassing actions to management, on the ground that such actions constituted sexual harassment.

45.     Cardenas terminated, or constructively terminated, each Plaintiff because of their opposition to unlawful employment practices.  These retaliatory terminations violated Title VII.

46.     As a direct and proximate result of Cardenas' aforementioned retaliatory conduct, Plaintiffs have suffered damages including, without limitation, lost income and benefits, mental and emotional distress, humiliation, and pain and suffering, and have incurred costs and attorneys' fees, for which Plaintiffs are entitled to recover in an amount to be proven at trial.

47.     Due to the repetitive nature and obviousness of the course of misconduct of its employees, Cardenas: (a) had advance knowledge that several of its managerial-level employees were engaging in unlawful behavior against Plaintiffs and continued to employ the managerial-level employees with conscious disregard of the rights or safety of employees, particularly those known to be affected (i.e., Plaintiffs); (b) expressly authorized or ratified its managerial-level employees' wrongful acts; (c) expressly authorized or ratified retaliation against Plaintiffs for complaining of its managerial-level employees' wrongful acts; and (d) in permitting these managerial-level employees to commit tortious actions against Plaintiffs, Cardenas acted wrongfully, willfully, oppressively, maliciously,

12

and/or with the intent to harm Plaintiffs or with conscious disregard to their rights and/or safety.  Alternatively, Cardenas' actions constituted or contributed to the intentional retaliation against Plaintiffs in the face of a perceived risk that those actions or omissions would violate federal law.  Therefore, Plaintiffs are entitled to an award of punitive damages in an amount sufficient to punish and deter Cardenas and all others from retaliating against employees on the basis of their opposition to sexual harassment and sex discrimination.

**COUNT III**

**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
(AGAINST CARDENAS)**

48.    Plaintiffs re-allege and incorporate by reference each and every allegation contained in the paragraphs above.

49.    Plaintiffs were all employed by Cardenas.

50.    It is the public policy of the California Constitution, art. 1, §1 and §8, the California Fair Employment and Housing Act, and Title VII that individuals shall not be discriminated against in their employment on the basis of sex (i.e., by being sexually harassed), or based upon the fact that they have made a report of sexual harassment in violation of the California Constitution, art. 1, §1 and §8, the California Fair Employment and Housing Act, or Title VII.

51.    Plaintiffs were terminated by Cardenas solely as a consequence of reporting sexual harassment violative of the California Constitution, art. 1, §1 and §8, the California Fair Employment and Housing Act, or Title VII, which Plaintiffs had been subjected to by Defendants, or were constructively discharged because Plaintiffs' working conditions and their failure to acquiesce to, *inter alia*, conduct violative of the California Constitution, art. 1, §1 and §8, the California Fair Employment and Housing Act, or Title VII, rendered their job so intolerable that they were forced to resign.

COMPLAINT                                                    Case No. 5:17-cv-1162

52.     As a direct and proximate result of Cardenas' termination of Plaintiffs in violation of public policy, Plaintiffs have suffered and will continue to suffer pain and suffering, extreme and severe mental anguish, and emotional distress. Plaintiffs have suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.  Plaintiffs are thereby entitled to general and compensatory damages in amounts to be proven at trial.

53.     Cardenas' actions were wrongful, willful, oppressive, malicious, and done with the intent to harm Plaintiffs or with conscious disregard to the rights and/or safety of Plaintiffs.  Plaintiffs are thus entitled to an award of punitive damages in an amount sufficient to punish and deter Cardenas from engaging in such conduct.

## <u>COUNT IV</u>

### **BATTERY**
**(BY PLAINTIFFS ADRIANA ALCANTAR, MARIA ALMANZA, ANA CARDENAS, AURORA SANTIAGO, AND CHRISTIAN VALDIVIA AGAINST ALL DEFENDANTS)**

54.     Plaintiffs Adriana Alcantar, Maria Almanza, Ana Cardenas, Aurora Santiago, and Christian Valdivia (the "Battery Plaintiffs") re-allege and incorporate by reference each and every allegation contained in the paragraphs above.

55.     Cardenas' agents, Sanchez and B. Rodriguez, made unconsented contacts with the persons of the Battery Plaintiffs with the intent to harm or offend, as alleged herein.

56.     The unconsented contacts include, but are not limited to, caressing, groping, rubbing, pressing against the Battery Plaintiffs' buttocks, thighs, and breasts, and other inappropriate and/or harmful contacts that a reasonable person would deem offensive.

14

57.   As employers of Sanchez and B. Rodriguez, who committed the battery alleged herein in the course and scope of their employment, Cardenas is vicariously liable to the Battery Plaintiffs for the battery alleged herein.

58.   The Battery Plaintiffs were harmed and offended by Defendants' conduct.  As a direct and proximate result of Defendants' conduct, the Battery Plaintiffs have suffered and will continue to suffer pain and suffering, extreme and severe mental anguish, and emotional distress.  The Battery Plaintiffs have suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.  The Battery Plaintiffs are thereby entitled to general and compensatory damages in amounts to be proven at trial.

59.   Defendants' actions were wrongful, willful, oppressive, malicious, and done with the intent to harm the Battery Plaintiffs or with conscious disregard to the rights and/or safety of the Battery Plaintiffs.  The Battery Plaintiffs are thus entitled to an award of punitive damages in an amount sufficient to punish and deter Defendants from engaging in such conduct.

## COUNT V

### ASSAULT
### (AGAINST ALL DEFENDANTS)

60.   Plaintiffs re-allege and incorporate by reference each and every allegation contained in the paragraphs above.

61.   The intentional conduct of Cardenas' agents, Sanchez and B. Rodriguez, as alleged herein, put Plaintiffs in fear and/or apprehension of offensive contact constituting assault.  Plaintiffs regularly and reasonably believed that they were about to be touched in a harmful and offensive manner, and did not consent to such conduct.

62.   As employers of Sanchez and B. Rodriguez, who committed the assault alleged herein in the course and scope of their employment, Cardenas is vicariously liable to Plaintiffs for the assault alleged herein.

15

63.    As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered and will continue to suffer pain and suffering, extreme and severe mental anguish, and emotional distress.  Plaintiffs have suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiffs are thereby entitled to general and compensatory damages in amounts to be proven at trial.

64.    Defendants' actions were wrongful, willful, oppressive, malicious, and done with the intent to harm Plaintiffs or with conscious disregard to the rights and/or safety of the Battery Plaintiffs.  Plaintiffs are thus entitled to an award of punitive damages in an amount sufficient to punish and deter Defendants from engaging in such conduct.

## COUNT VI

### SEXUAL BATTERY [CIVIL CODE §1708.5]
### (BY PLAINTIFFS ADRIANA ALCANTAR, MARIA ALMANZA, ANA CARDENAS, AURORA SANTIAGO, AND CHRISTIAN VALDIVIA AGAINST ALL DEFENDANTS)

65.    The Battery Plaintiffs re-allege and incorporate by reference each and every allegation contained in the paragraphs above.

66.    The sexually offensive conduct of Cardenas' agents, Sanchez and B. Rodriguez, as alleged herein, was wrongful, intentional, and unwelcome bodily contact with, *inter alia*, the Battery Plaintiffs' buttocks, groin and breasts, constituting sexual battery under California Civil Code §1708.5.

67.    The Battery Plaintiffs did not consent to, and were harmed and offended by, such conduct.

68.    As employers of Sanchez and B. Rodriguez, who committed the sexual battery alleged herein in the course and scope of their employment, Cardenas is vicariously liable to the Battery Plaintiffs for the sexual battery alleged herein.

16

69.     As a direct and proximate result of Defendants' conduct, the Battery Plaintiffs have suffered and will continue to suffer pain and suffering, extreme and severe mental anguish, and emotional distress.  The Battery Plaintiffs have suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.  The Battery Plaintiffs are entitled to general and compensatory damages in amounts to be proven at trial.

70.     Defendants' actions were wrongful, willful, oppressive, malicious, and done with the intent to harm Plaintiffs or with conscious disregard to the rights and/or safety of the Battery Plaintiffs.  Plaintiffs are thus entitled to an award of punitive damages in an amount sufficient to punish and deter Defendants from engaging in such conduct.

## COUNT VII

**VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200, *et seq*.**
**(AGAINST CARDENAS)**

71.     Plaintiffs re-allege and incorporate by reference each and every allegation contained in the paragraphs above.

72.     California's Unfair Competition Law ("UCL"), Business and Professions Code § 17200, prohibits any "unlawful…business act or practice." Cardenas, through its agents, employees, and/or subsidiaries, in subjecting Plaintiffs to a severe and pervasive hostile work environment, and/or in wrongfully terminating Plaintiffs, violated the UCL's prohibition against engaging in unlawful acts and practices by, *inter alia*, violating Plaintiffs' rights and privileges under the California Constitution, the California Fair Employment and Housing Act, and Title VII.

73.     The UCL also prohibits any "unfair or fraudulent business act or practice."  As described above, Cardenas engaged in unfair business acts and practices by subjecting Plaintiffs to a severe and pervasive hostile work environment, and/or by wrongfully terminating Plaintiffs.  These violations were

17

unfair within the meaning of Business and Professions Code § 17200 in that Cardenas' conduct is substantially injurious to Plaintiffs, offends public policy, and is immoral, unethical, oppressive, unscrupulous, unconscionable, and the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

74.   As a direct and proximate result of Cardenas' unlawful and unfair business practices, Plaintiffs have suffered damages in an amount to be proven at trial.

## COUNT VIII

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (AGAINST ALL DEFENDANTS)

75.   Plaintiffs re-allege and incorporate by reference each and every allegation contained in the paragraphs above.

76.   The conduct of Defendants Sanchez and B. Rodriguez was extreme and outrageous and done with the intention to cause emotional distress to Plaintiffs.

77.   By failing to prevent, and then by acquiescing to the extreme and outrageous conduct of Sanchez and B. Rodriguez, Cardenas permitted its management-level employees to intentionally abuse their positions and authority to threaten, humiliate, and embarrass Plaintiffs.

78.   Defendants' extreme and outrageous conduct was calculated by Defendants to cause Plaintiffs humiliation, intimidation, embarrassment, mental anguish, and extreme emotional distress, exceeded the inherent risks of employment, and was not the sort of conduct normally expected to occur in the workplace.

79.   As a direct and proximate result of Defendants' conduct, Plaintiffs suffered extreme humiliation, embarrassment, intimidation, mental anguish, and emotional and physical distress, and have been injured in their bodies and minds.

Plaintiffs are entitled to general and compensatory damages in amounts to be proven at trial.

80. Defendants' actions were wrongful, willful, oppressive, malicious, and done with the intent to harm Plaintiffs or with conscious disregard to the rights and/or safety of Plaintiffs. Plaintiffs are thus entitled to an award of punitive damages in an amount sufficient to punish and deter Defendants from engaging in such conduct.

## COUNT IX

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (AGAINST CARDENAS)

81. Plaintiffs re-allege and incorporate by reference each and every allegation contained in the paragraphs above.

82. As employees of Cardenas, Plaintiffs were owed a duty of due care by Cardenas to ensure that they were not exposed to foreseeable harms.

83. Cardenas knew, or should have known, that Plaintiffs were being subjected to harassment, and that failing to exercise due care to prevent Cardenas' employees, officers, agents, or supervisors from engaging in a harassing course of conduct could and would cause Plaintiffs to suffer severe emotional distress.

84. Cardenas failed to exercise due care to prevent employees, managers, supervisors, and/or officers from subjecting Plaintiffs to sexual harassment.

85. As a direct and proximate result of Cardenas' conduct, Plaintiffs have suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiffs have been caused to and did suffer and continue to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, and anxiety. Plaintiffs are thereby entitled to general and compensatory damages in amounts to be proven at trial.

COMPLAINT                                          Case No. 5:17-cv-1162

1

## PRAYER FOR RELIEF

2

WHEREFORE, Plaintiffs pray for judgment as follows:

3

1.      For general, compensatory, and/or special damages in an amount to

4

be proven at trial;

5

2.      For punitive damages, in an amount sufficient to punish and deter

6

Cardenas and all others from harming employees;

7

3.      For interest at the appropriate rate on the sums awarded;

8

4.      For costs of suit and attorneys' fees as allowed by law; and

9

5.      For any and all such other and further relief as the Court may deem

10

appropriate.

11

12

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial.

13

14

15

16

Respectfully Submitted,

17

Dated: June 13, 2017

JOHNSON & WEAVER, LLP
FRANK J. JOHNSON
KRISTEN O'CONNOR

18

19

By: */s/ Frank J. Johnson*

20

FRANK J. JOHNSON
600 West Broadway, Suite 1540
San Diego, CA 92101
Telephone: (619) 230-0063
Facsimile: (619) 255-1856
frankj@johnsonandweaver.com
kristeno@johnsonandweaver.com

21

22

23

*Counsel for Plaintiffs*

24

25

26

27

28

20